**HOWARD et al. v. BENNETT et al.**

**No. 14434.**

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 16, 1942.

Rehearing Denied Nov. 20, 1942.

McFarlane & McFarlane, of Graham, and John D. McComb, of Jacksboro, for appellants.

J. Cleo Thompson, of Dallas, and Culbertson, Morgan, Christopher & Bailey, of Fort Worth, for appellees.

BROWN, Justice.

W. E. Howard was engaged in running tubing in a well in Jack County, and it was being run under pressure, when a "blowout" occurred and Howard was killed. His widow brought this suit, for herself and two minor daughters, for whom she is guardian.

Howard was employed by either Frank W. Bennett or Bennett Oil Corporation, at the time of the accident.

Bennett, as a part of his defense, alleges that the plaintiff heretofore brought suit for compensation under the Workmen's Compensation Laws against one of the numerous "Lloyds" insurance companies, wherein she alleged that Howard was employed by Bennett Oil Corporation and in which suit she recovered judgment.

Bennett Oil Corporation, as a part of its defense, alleges that at the time Howard was killed he was employed by Frank W. Bennett.

This suit is bottomed on the theory of gross negligence, proximately causing Howard's death. The allegations that we consider most material to a decision in this case are those to the effect that the defendants had drilled many oil wells in the Bryson field, where this accident occurred, and were familiar with the gas pressure in that field and knew the danger of attempting to run tubing in a well under pressure, but that the defendants' field superintendent came out to the well and ordered Howard to run the tubing under pressure, and when a protest was made to the effect that wells were not brought in in that manner in the Bryson

field, the superintendent, with an oath, told Howard that was the way "this well" would be brought in, and that was the way he wanted it done; that he did not want oil run in the slush pit; that such oil would produce a fire hazard.

Evidence was introduced to support the allegations and it was testified to that running the tubing under pressure caused the explosion and that if the two valves on the head had been opened, the gas pressure would have been relieved and the explosion would not have occurred.

When the plaintiff stopped introducing evidence, the trial court gave the jury a peremptory instruction in favor of both defendants. From the judgment that followed this appeal is taken.

After the defendants' field superintendent ordered Howard to run the tubing under pressure, and after furnishing him with the equipment to be used—some of which was old—the superintendent went away and was not present to watch the progress of the work.

In Morton Salt Co. v. Wells et al., Tex.Civ.App., 35 S.W.2d 454, 458, affirmed by the Supreme Court in 123 Tex. 151, 70 S.W.2d 409, it was said that "gross negligence" is a relative term and means greater want of care than is implied by "ordinary negligence", but that the particular facts and circumstances found in each case must be considered, because what might be found to be ordinary negligence under one given set of circumstances and conditions might constitute gross negligence under other circumstances and conditions. Judge Looney, speaking for the court, then says: "So, at last, in each case the question is one of fact."

From this opinion, it is seen that negligence may be gross not only when it is evidenced by an entire failure to use care, but even when the exercise of so slight a degree of care would justify the conclusion that the person from whom the care was due was indifferent to the welfare and interest of others.

It seems to us that the facts and circumstances brought out by the plaintiff raised issues of fact that should have gone to the jury.

The facts adduced in the instant suit seem to be as strong and persuasive as those in the case cited, and in Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70

S.W.2d 397; Chronister Lumber Co. v. Williams, Tex.Civ.App., 28 S.W.2d 844, and People's Ice Co. v. Nowling, Tex.Civ. App., 16 S.W.2d 976.

We are also of opinion that the evidence does not establish contributory negligence and assumed risk on the part of Howard as a matter of law.

These are likewise fact questions, as we view the record.

The judgment of the trial court is reversed and the cause remanded.